IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CONCEPTION BUTCHARD and
MARCO BUTCHARD,

        Plaintiffs,

   v.                                          CV 11-0563 WPL/RHS

COUNTY OF DONA ANA, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Conception and Marco Butchard have moved to amend their civil complaint almost a year and a half after commencing this lawsuit. (Doc. 86.) Defendants Doña Ana Sheriff's Office ("DASO") Deputy FNU Gonzales, DASO Lieutenant Paul Nevarez, DASO Deputy Paul Tells, and DASO Deputy Scott Bayles oppose the motion as improper under Federal Rule of Civil Procedure 15. (Doc. 87.) I agree with Defendants and deny this motion to amend. However, I disagree with Defendants' analysis concerning Plaintiffs' claims against FNU Gonzales; therefore, I *sua sponte* amend the case caption to replace "FNU Gonzales" with the name "Jason Gonzales."

**FACTUAL & PROCEDURAL BACKGROUND**

C. Butchard and her adult son, M. Butchard, live together in a house in Las Cruces, New Mexico. (Doc. 1 Ex. A at 2.) On June 13, 2008,[1] law enforcement officers allegedly raided the Butchard home while C. Butchard was present. (*Id.* at 3-5.) C. Butchard did not know the

---

[1] The complaint alleges that the incident occurred in 2007. (Doc. 1 Ex. A at 3.) Defendants acknowledge that this is a typographical error. (Doc. 23 at 2 n.3; Doc. 25 at 2 n.3; Doc. 27 at 2 n.2.)

identities of the officers who allegedly invaded her home, with the exception of a single officer who handed her a business card, FNU Gonzales.[2] (*Id*. at 3, 6.)

After the officers left, C. Butchard, feeling anxious and nauseated, called her son. (*Id*. at 5.) When M. Butchard arrived home, C. Butchard gave him Gonzales' business card; he called the phone number and left an angry message that contained profanity. (*Id*. at 5-6.) Upon hearing the message, Bayles filed a criminal complaint in magistrate court charging M. Butchard with the use of a telephone to terrify, intimidate, threaten, harass, annoy, or offend, and the court issued a warrant for M. Butchard's arrest. (*Id*. at 6.) Telles later arrested M. Butchard while conducting a traffic stop. (*Id*.) M. Butchard was convicted in magistrate court on May 5, 2009, but the conviction was overturned in state district court on December 15, 2009. (*Id*. at 8; Doc. 37 at 8.)

On May 19, 2011, the Butchards filed a complaint alleging civil rights violations in state court against Doña Ana County, five John Doe DASO Deputies, FNU Gonzales, Nevarez, Telles, and Bayles. (Doc.1 Ex. A.) C. Butchard brought her claims pursuant to 42 U.S.C. § 1983, and M. Butchard brought his claims pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. (*Id*. at 1-2.) They allege the following causes of action: (1) "Unconstitutional Entry of Plaintiffs' Home"; (2) "Assault Upon and Seizure of the Person of Conception Butchard"; (3) "Violation of Marco Butchard's First Amendment Rights"; (4) "Illegal Stop and Seizure of the Person And the Vehicle of M. Butchard"; and (5) "Malicious Prosecution of M. Butchard." (*Id*. at 8-10.)

---

[2] FNU Gonzales gave C. Butchard a business card with his name before leaving her home. (Doc. 1 Ex. A at 5.) Plaintiffs named him as "FNU Gonzales" in their complaint. (Doc. 1 Ex. A at 1, 4.) Defense counsel later discovered that there was an inconsistency between the business card, which reads "Deputy Gonzalez I," and the complaint, which reads "Gonzales." (Doc. 47 Ex 1.) In their motion to amend, Plaintiffs argue that the card could be read as "Gonzalez I" or "Gonzales J." (Doc. 86 at 2.) This argument is highly disingenuous - the card clearly reads "Gonzalez I." (*See* Doc. 87 Ex. E.)

Doña Ana County removed the case to federal court on June 24, 2011. (Doc. 1.) It then moved to be dismissed (Doc. 5), Plaintiffs conceded the motion (Doc. 19), and I dismissed the County with prejudice (Doc. 21). Defendants Nevarez, Telles, and Bayles filed three separate motions to dismiss (Docs. 22, 24, 26), which were fully briefed by the end of October 2011 (Docs. 39, 42, 44). At that time, FNU Gonzales had not been identified or served, nor were any of the John Does, and the 120 day deadline for service, *see* FED R. CIV. P. 4(m), was approaching on October 22, 2012.[3] I issued an order to show cause why I should not dismiss FNU Gonzales for failure to serve under Rule 4(m). (Doc. 40.)

During a status conference on November 8, 2011, counsel for Plaintiffs indicated that he had encountered difficulty discovering the identity of FNU Gonzales. (Doc. 46.) Since the parties must consent to me as trial judge before I may rule on dispositive motions, *see* FED. R. CIV. P. 73(a), I instructed the parties to contact the Court within the week to discuss how they would like to proceed, or else I would reassign the case. (*Id*.)

Shortly thereafter, Plaintiffs responded to the order to show cause (Doc. 47) and explained that C. Butchard had been handed a business card which read "Deputy Gonzalez I" during the search of her house. Defense counsel and Plaintiffs' counsel had corresponded throughout July and August 2011 to identify FNU Gonzales, but they had been unsuccessful. (*Id.* at 2; Doc. 87 Exs. A, B, C, D.) Plaintiffs requested limited discovery to obtain a copy of all DASO deputies with the name of Gonzales in order to identify the Defendant. (Doc. 47 at 3.) I

---

[3] In removed cases, the time for tolling the 120 day period begins upon the date of removal. *See* 28 U.S.C. § 1448.

granted this request and ordered that FNU Gonzales be served within forty-five days of the production of the necessary discovery by Defendants.[4] (*Id.*)

On December 28, 2011, defense counsel provided Plaintiffs with a list of names and photographs of deputies named "Gonzales" or "Gonzalez" who worked for the Sherriff's office on the date of the alleged incident. (Doc. 86 at 3; Doc. 87 Ex. G.) There were ten individuals with either name, including one individual with a first name which began with an "I" and a last name that ended in a "-z," Isidro Gonzalez. (Doc. 87 Ex. G.) The photo for Isidro Gonzalez was of a poor quality. (*Id.*) After reviewing the photos, C. Butchard identified Jason Gonzales as FNU Gonzales. (Doc. 86 at 3.)

On January 25, 2012, summons were issued for FNU Gonzales. A week later, on February 2, 2012, I held another status conference and counsel for Plaintiffs stated that they had identified Gonzales. (Doc. 50.) Defense counsel was not confident M. Butchard had identified the correct person since the card read "Gonzalez I," yet she identified Jason Gonzales. (*Id.*) On February 6, 2012, defense counsel entered an appearance on Gonzales' behalf (Doc. 51), and Gonzales filed an answer ten days later that referred to "Defendant Jason Gonzales a/k/a FNU Gonzales" (Doc. 55). Gonzales has filed a Joint Status Report and amended Joint Status Report (Docs. 61, 72), several notices (Docs. 62, 67, 71, 79, 84, 85), a certificate of service (Doc. 80), and a response in opposition to the motion to amend (Doc. 87) since entering this case.

---

[4] During oral argument on Plaintiffs' motion to amend, defense counsel argued that I only granted limited discovery to determine the identity of "Gonzalez I," as if this somehow impacts the validity of the identification and service of Jason Gonzales. (Doc. 91.) However, my discovery order did not limit discovery to "Gonzalez I." (Doc. 48.) I ordered "limited discovery to determine the identity of FNU Gonzalez." (*Id.* at 1.) I explained that the reason I used the spelling "Gonzalez" was due to the fact that this is how the name appears on the business card. (*Id.* at 1 n.1). At no point did I state that the discovery was tailored or limited to this spelling, nor did I state that only an individual with such a spelling or first initial could be served pursuant to the order.

In February 2012, I entered an order granting in part and denying in part Defendants' motion to dismiss. (Doc. 54.) The order dismissed Counts 1 and 2 and all state law claims against Nevarez, Telles, and Bayles, and it dismissed Counts 3 and 5 against Telles. (*Id.*) The parties entered discovery (Doc. 75), and now, on the eve of the termination of discovery, Plaintiffs have filed the present opposed motion to amend their complaint (Doc. 86). I held a motion hearing on this matter on December 20, 2012. (Doc. 91.)

### STANDARD OF REVIEW

A plaintiff may amend his or her complaint prior to trial with leave of the court. *See* FED. R. CIV. P. 15(a)(2). Leave of the court should be given freely unless the amendment would cause undue delay, prejudice the opposing party, or the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

### DISCUSSION

**I.     Motion to Amend the Complaint**

Plaintiffs contend that their amended complaint achieves four things:

1. Removes the County of Doña Ana from the case caption. (Doc. 86 at 1.) The county was dismissed per the stipulation of the parties in August 2011. (Doc. 21.)

2. Deletes the state and federal claims that the February 2012 order previously dismissed. (Doc. 86 at 1-2.)

3. Corrects an typographical error regarding the date of the alleged raid to read 2008 instead of 2007. (*Id.* at 4.) Defendants have never contested the date of the raid.

4. Replaces "FNU Gonzales" with "Jason Gonzales." (*Id.* at 2.)

Leaving aside the matter of Gonzales for now, I turn to the first three goals, which are seemingly innocuous. While these changes are unnecessary, they also do not result in undue prejudice and they are not futile because they would not result in the complaint's ultimate dismissal. Since leave is to be freely given, it appears at first as if the motion should be granted, even though it accomplishes very little.

However, contrary to Plaintiffs' assertions, the body of the proposed amended complaint does more than they claim. Defendants have raised five objections to the motion to amend, including an objection to the substitution of Jason Gonzales. All of these objections serve as grounds to deny the motion.

1. <u>The body of the complaint identifies parties not named in the case caption.</u>

Under Rule 10, the caption of every pleading must name all of the parties. FED. R. CIV. P. 10(a). Courts may dismiss a complaint for the failure to adhere to the requirements of Rule 10(a). *OTR Drivers v. Frito-Lay*, 988 F.2d 1059, 1060 (10th Cir. 1993); *Kizzar v. Richardson*, No. CV 08-1037 JB/CEG, 2009 U.S. Dist. LEXIS 114191, at *5 (D.N.M. Oct. 31, 2009).

The amended complaint names Five John Doe DASO Deputies in the case caption. (Doc. 86 Ex. 1.) However, the body of the complaint references several other "unidentified individuals (purporting to be law enforcement officials)" (*id.* at 1, 2) and explains that on the date of the alleged raid, an unspecified number of unidentified individuals wearing blue uniforms,[5] including at least one U.S. Marshal,[6] entered the Butchard home in addition to the five John Doe DASO Deputies (*id.* at 4).

---

[5] Plaintiffs make this distinction because they claim that the DASO deputies wore brown uniforms. (Doc. 86 Ex. 1 at 5.)

[6] This is not the first time that the Plaintiffs have mentioned the involvement of a U.S. Marshal. The original complaint named five John Doe DASO Deputies, but the body mentioned that at least one of them was a U.S. Marshal. (Doc. 1 Ex. A at 3.)

Defendants argue that Plaintiffs failed to comply with Rule 10 because none of the non-DASO law enforcement officers are included in the case caption. (Doc. 87 at 5-6.)[7] Plaintiffs' reply weakly that these individuals are unknown and that is why they are not included in the caption; however, this argument does not explain why Plaintiffs failed to name fictitious defendants in their stead, especially since they are patently familiar with the use of fictitious defendants. The court may liberally construe complaints to have named defendants who are identified in the body of the complaint when the complaint is filed by a pro se party. *Jones v. Dist. Atty. Office*, No. 12-3211-SAC, 2012 U.S. Dist. LEXIS 154591, at * 4-5 (D. Kan. Oct. 29, 2012); *see also Trackwell v. United States*, 472 F.3d 1242, 1243-44 (10th Cir. 2007) ("[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are."). However, Plaintiffs are not pro se, and they should be held to the standard of Rule 10(a). Since Rule 10 may serve as the basis for dismissal, this amended complaint would be futile, and the motion to amend may be denied.

    2.   <u>The inclusion of "John Doe" Defendants violates Rule 4(m).</u>

Defendants object to the use of five John Doe defendants on the ground that the inclusion of Doe defendants, who also appear in the original complaint, violates Federal Rule of Civil Procedure Rule 4(m) because they were not served within 120 days of filing. (Doc. 87 at 6.) Defendants are correct. I note at the outset that the time for serving the five Does named in the original complaint has long since passed. Moreover, should Plaintiffs identify any of the Does at a later date, they could not substitute in the named individual, since the Rule 15(c) relation back

---

[7] Defendants do not address whether this inclusion of unnamed law enforcement officials seeks to impermissibly add a party under Federal Rules of Civil Procedure 19 and 20. I will not address the matter since it is not before the court and would not impact my ruling on this motion to amend the complaint.

doctrine[8] does not apply to Does. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (holding amendments substituting named defendants for a John Doe cannot relate back under Rule 15(c) because there was no mistake regarding the John Doe's identity.) Thus, any amendment including Doe defendants would be subject to dismissal, so the amendment must be denied as futile.

    3.   The complaint reasserts claims that the February 2012 order previously dismissed.

For the most part, Plaintiffs were careful to remove claims that I dismissed in February 2012. However, they used the collective term "Defendants" in Count 1 and 2 (Doc. 86 Ex. 1 at 10), and I dismissed Count 1 and 2 as to Nevarez, Telles, and Bayles (Doc. 58). Plaintiffs argue that the complaint "makes it abundantly clear" that they have not brought Counts 1 and 2 against these three Defendants. (Doc. 88 at 5.) However, Plaintiffs do not use the general term "Defendants" in Counts 3, 4, and 5; instead, they name the specific Defendants against whom the claims are alleged. (Doc. 87 Ex. 1 at 11-13.) The failure to name specific Defendants in Counts 1 and 2 implies that they are in fact re-alleging the claims against all Defendants, which contradicts my previous ruling. Since this amendment would result in partial dismissal, it is futile and serves as another basis for denying Plaintiffs' motion.

    4.   Counts 3, 4, and 5 do not satisfy the pleading standards of Rule 8.

Defendants argue that M. Butchard has not stated facts to support causes of action for retaliatory prosecution (Count 3) and malicious prosecution (Count 5) against Nevarez, nor has he stated facts to support illegal stop and seizure of M. Butchard's car (Count 4) against Nevarez and Telles. (Doc. 87 at 13-14.) They argue that since these counts could be dismissed for failure to state a claim, the amendment would be futile. (*Id*.)

---

[8] The relation back doctrine will be discussed at greater length when I consider the matter of Gonzales.

8

Plaintiffs do not respond to this argument in their reply brief. "Failure to respond to an argument is generally deemed an acquiescence." *Mulford v. Altria Group, Inc*., 242 F.R.D. 615, 622 n.5 (D.N.M. 2007); *see also* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion . . . constitutes consent to grant the motion."). Admittedly, Plaintiffs filed the motion, Defendants raised objections in their response, and Plaintiffs did file a reply. However, the reply did not address this objection at all. I consider the complete failure to address this issue an "acquiescence," and it is a fourth basis for denying the motion to amend.

## II.     Jason Gonzales

Despite the fact that there are other reasons to deny the motion to amend, Defendants' final objection to the substitution of Jason Gonzales for FNU Gonzales raises a bigger question: whether it matters if Jason Gonzales is specifically named in the complaint.

Defendants argue that any § 1983 claims against Jason Gonzales are time barred and they cannot relate back to the original complaint. (Doc. 87 at 8.) The core of this arguments rests on an application of Rule 15(c), which governs the relation back doctrine. When the amendment to the complaint occurs after the statute of limitations has run, relation back treats the amendment as if it was filed at the time of the original complaint. *See generally Maycher v. Muskogee Med. Ctr. Aux*., 1997 U.S. App. LEXIS 30459, at *4 (10th Cir. Nov. 6, 1997) (unpublished) (citing *Anderson v. Deere & Co*., 852 F.2d 1244, 1247 (10th Cir. 1988)). Under this rule, an amendment "changing the party or the naming of the party against whom a claim is asserted" relates back to the filing of the original pleading if three requirements are met. FED. R. CIV. P. 15. First, the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading. *Id*. at 15(c)(1)(B) & (C). Second, the party to be brought in must have received notice such that it will not be prejudiced in defending within the period specified

9

in Rule 4(m). *Id*. at 15(c)(1)(C)(i). Third, the party must have known or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. *Id*. at 15(c)(1)(C)(ii).

In the Tenth Circuit, a plaintiff may not rely on the relation back doctrine to substitute a named party for a Doe defendant named in the original complaint. *Garrett,* 362 F.3d at 696. *Garret* explained that a plaintiff cannot meet the third requirement, as listed in Rule 15(c)(1)(C)(ii), because there has never been a mistake regarding the defendant's identity; it was simply unknown. *Id.* In considering whether this rule would apply to an "FNU" or "LNU" (last name unknown) defendant, I consider the goals of FNU, LNU, and Does. The purpose of a Doe defendant is to serve as a place holder when the identity of that particular defendant is unknown. BLACK'S LAW DICTIONARY (9th ed. 2009), John Doe. The terms "FNU" and "LNU" serve a similar function as the use of "Doe." The precise identity of these defendants is also unknown, but the plaintiff has some information which will help lead to his or her proper identification. I have yet to find a case in this circuit, or any circuit, to address the application of Rule 15(c)(1)(C) to FNU/LNU defendants. However, it seems logical to treat a FNU/LNU defendant like a Doe defendant for the purpose of the relation back doctrine because they share a similar function. Therefore, Defendants are correct that the relation-back doctrine would not apply.

Despite Defendants' assertions that Plaintiffs are barred from bringing their claims against Jason Gonzales, the denial of this motion to amend the complaint will have no such result. Jason Gonzales properly entered this case when he accepted service of the original complaint and filed an answer as FNU Gonzales in February 2012. The first sentence of his answer begins "Defendant Jason Gonzales a/k/a/ FNU Gonzales . . . ." (Doc. 55 at 1.) Although Gonzales raised the statute of limitations as an affirmative defense in his answer (*see* Doc. 55 at

10

4), this is of no import. The answer was filed in response to the original complaint, and the § 1983 claims contained against Gonzales in the original complaint are not barred by the statute of limitations.

Gonzales also cannot move to dismiss on the basis that he was not served within 120 days of the filing of the complaint. Federal Rule of Civil Procedure 4(m) requires service within 120 days or within a time period specified by the court. After 120 days from the time of service had run, I held a hearing on the matter (Doc. 46), and I granted Plaintiffs additional time to serve FNU Gonzales (Doc. 48 at 1). I specified that FNU Gonzales be served within forty-five days of the production of the necessary discovery by Defendants. (Doc. 48 at 1.) Although the record does not contain a certificate of service, Gonzales' answer was filed fifty days from this date (Doc. 55), which suggests that this deadline for service was in fact met. More importantly, Defendants have not demonstrated that Gonzales was not timely served within that period.

Defendants have waived the right to contest whether Plaintiffs properly served Jason Gonzales. Rule 12(b)(5) permits a party to move to dismiss for insufficient service of process, which includes the failure to serve within 120 days. *Martinez-Jones v. Dulce Indep. Schs.*, No. CV 07-0703 JB/WDS, 2008 U.S. Dist. LEXIS 42321, at *11-12 (D.N.M. Mar. 14, 2008). However, a Rule 12(b)(5) defense is waived if it is not brought before a responsive pleading is filed. FED. R. CIV. P. 12(b) ("a motion asserting any of these defenses must be made before pleading if a responsive pleading is required") & 12(h)(1)(B) (holding a 12(b)(5) defense is waived if it is not made in a Rule 12 motion or if it is not included in a responsive pleading). Gonzales filed a responsive pleading in February (Doc. 55), without ever having filed a Rule 12 motion asserting insufficient service of process.

In sum, Jason Gonzales properly entered this lawsuit, and he may not avoid litigation because the caption still reads FNU Gonzales. Defendants have correctly analyzed the law with respect to FNU defendants and the relation back doctrine.[9] This analysis, though, does not change the fact that Jason Gonzales was timely served the original complaint and has participated in this litigation for almost a year.

## Conclusion

Plaintiffs' amended complaint violates Rule 10, impermissibly includes Doe defendants, haphazardly reasserts claims that have been dismissed, and possibly fails to meet Rule 8 pleading standards. The motion to amend is denied since this amendment would be futile. The denial of this motion, however, will have no impact on Plaintiffs' claims against Gonzales. For the sake of clarity on this matter, I order that the Clerk's office amend the caption to replace "FNU Gonzales" with "Jason Gonzales."

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

---

[9] Because Plaintiffs may not avail themselves of Rule 15(c) to substitute a named defendant for a Doe defendant, Plaintiffs are barred from pursuing claims against the five Does named in the original complaint. These Does were never identified and served pursuant to Rule 4(m), and if Plaintiffs were to attempt to amend the complaint to identify them now, the amended complaint would not relate back.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.